JENNER & BLOCK LLP
JULIE A. SHEPARD (SBN 175538)
JShepard@jenner.com
ANDREW G. SULLIVAN (SBN 301122)
AGSullivan@jenner.com
SATI HARUTYUNYAN (SBN 313138)
SHarutyunyan@jenner.com
EFFIONG K. DAMPHA (SBN 323554)
EDampha@jenner.com
633 West 5th Street Suite 3600
Los Angeles, CA 90071-2054
Telephone:   +1 213 239 5100
Facsimile:   +1 213 239 5199

GIANNI P. SERVODIDIO (*pro hac vice to be submitted*)
gps@jenner.com
919 Third Avenue
New York, NY 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC.; AMAZON CONTENT SERVICES, LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; WARNER BROS. ENTERTAINMENT INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL TELEVISION LLC; and UNIVERSAL CONTENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO GALINDO and DOES 1-20,<br><br>Defendants. | Case No. 2:20-cv-03129-JAK-GJS<br><br>**[PROPOSED] PRELIMINARY INJUNCTION**<br><br>Judge: John A. Kronstadt<br><br>Date: May 11, 2020<br>Time: 8:30 a.m.<br>Courtroom: 10B |

1  Upon reviewing the legal argument and evidence filed by Plaintiffs Columbia Pictures Industries, Inc., Amazon Content Services, LLC, Disney Enterprises, Inc., Paramount Pictures Corporation, Warner Bros. Entertainment, Inc., Universal Studios Productions LLLP, Universal Television LLC, and Universal Content Productions LLC (collectively, "Plaintiffs"), in support of their Motion for Preliminary Injunction ("Motion"); and having reviewed legal argument and evidence filed by Defendant Alejandro Galindo ("Defendant") in opposition thereto; and having reviewed all reply materials and all argument of counsel; the Court HEREBY FINDS AND ORDERS as follows:

Plaintiffs are likely to prevail on the merits of their claims that Defendant is engaging in both direct and secondary infringement of Plaintiffs' copyrighted works (the "Copyrighted Works"). Plaintiffs are also likely to suffer irreparable harms if Defendant is not enjoined, including interference with Plaintiffs' ability to control their Copyrighted Works, interference with Plaintiffs' goodwill and relationships with licensees, harm to the rapidly evolving market for online streaming services, and the creation of consumer confusion about that market.

The balance of hardships tips decidedly in Plaintiffs' favor. The threat of irreparable harm to Plaintiffs is substantial. Defendant, in contrast, cannot claim any legitimate hardship from being forced to desist from his infringing activities.

Public policy also weighs in favor of issuing the preliminary injunction. The public interest is served here by upholding Plaintiffs' control over their copyrights.

Accordingly, Defendant—and all individuals acting in concert or participation or in privity with Defendant in connection with his infringing activities—ARE HEREBY PRELIMINARILY RESTRAINED AND ENJOINED from, directly or secondarily, infringing any of Plaintiffs' Copyrighted Works through any means including publicly performing, reproducing, or otherwise infringing in any manner (including without limitation by materially contributing to or intentionally inducing

the infringement of) any right under 17 U.S.C § 106 in any of Plaintiffs' Copyrighted Works.

IT IS FURTHER ORDERED that Namecheap, Inc. and Domain.com LLC, the respective domain name registrars for the TekkHosting.com and NitroIPTV.com domain names ("Infringing Domain Names"), as well as all others who receive notice of the Court's order, are enjoined from allowing the Infringing Domain Names to be modified, sold, transferred to another owner, or deleted. Such entities are further ordered to disable access to the Infringing Domain Names. As part of accomplishing this, these entities shall take the following steps:

1. Maintain unchanged the WHOIS or similar contact and identifying information as of the time of receipt of this Order and maintain the Infringing Domain Names with the current registrar;

2. Immediately change the authoritative name-servers for the Infringing Domain Names to name-servers controlled by Plaintiffs pending further direction from this Court, the effect of which would be to make the Infringing Domain Names inaccessible during this period;

3. Prevent transfer of the Infringing Domain Names and any further modification of any aspect of the domain registration records of the Infringing Domain Names by Defendants or third parties at the registrar or by other means; and

4. Preserve all evidence that may be used to identify the entities using the Infringing Domain Names.

IT IS FURTHER ORDERED, that Plaintiffs must post security in the amount of $10,000 to compensate Defendant for its losses in the event that this injunction is reversed or vacated.

\\

\\

1      IT IS FURTHER ORDERED, that Plaintiffs may complete service of process
2  on Defendants of this Order by Overnight Mail.

4  Dated:

By: _____
      The Honorable
      United States District Court Judge

[PROPOSED] PRELIMINARY INJUNCTION