UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03129-SVW-GJS | Date | May 11, 2020 |
|---|---|---|---|
| Title | *Columbia Pictures Industries, Inc. et al v. Alejandro Galindo, et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     IN CHAMBERS ORDER GRANTING PRELIMINARY INJUNCTION [12]

     Columbia Pictures Industries, Inc., Amazon Content Services, LLC, Disney Enterprises, Inc., Paramount Pictures Corporation, Warner Bros. Entertainment, Inc., Universal Studios Productions LLLP, Universal Television LLC, and Universal Content Productions LLC (together "Plaintiffs") bring this motion for a preliminary injunction against Alejandro Galindo ("Defendant") to enjoin the operation of a digital streaming service, NitroIPTV.com ("Nitro TV"), under Defendant's control. Defendant has filed a notice of non-opposition to the preliminary injunction, dkt. 28, although he has not ceased operating the allegedly infringing Nitro TV. Dkt. 30.

    **I.**    **Motion for Preliminary Injunction**

    A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing the plaintiff is entitled to such relief." *Winter v. NRDC*, 555 U.S. 7, 22 (2008) ("*Winter*"). Under *Winter*, a plaintiff "must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (applying *Winter*, 555 U.S. at 29) ("*Winter* factors").

    In considering the preliminary injunction, the district court is not strictly bound by the rules of evidence, as the "preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Because of the extraordinary nature of injunctive relief, including the potential for irreparable injury if not granted, a district court may consider evidence outside the normal rules of evidence, including: hearsay, exhibits, declarations, and pleadings. *Johnson v. Couturier*, 572 F.3d 1067,

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03129-SVW-GJS | Date | May 11, 2020 |
|---|---|---|---|
| Title | *Columbia Pictures Industries, Inc. et al v. Alejandro Galindo, et al* | | |

1083 (9th Cir. 2009). Without opposition, for the purposes of this motion, the Court accepts the Plaintiffs' factual assertions as true.

II.   **Copyright Infringement**

Plaintiffs seek a preliminary injunction because Defendant is allegedly infringing their copyrights by operating Nitro TV, "an unauthorized online streaming service engaged in mass-scale copyright infringement on an ongoing basis." Dkt. 12 at 1.  According to Plaintiffs, "Nitro TV feature[s] many of the world's most popular television programs and motion pictures such as The Office, Spider-Man: Homecoming, Frozen 2, Star Trek Beyond, Homecoming, and Joker, including works whose copyrights Plaintiffs own or exclusively control ("Copyrighted Works") and which are being streamed without their authority." *Id.* Plaintiffs also claim, "Defendant has expanded the scope of the Nitro TV unlawful commercial enterprise by creating and growing a network of resellers who market and promote Nitro TV to attract new subscribers to the illegal service." *Id.* at 6.

Plaintiffs seek a preliminary injunction "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "A party can obtain a preliminary injunction by showing that (1) it is 'likely to succeed on the merits,' (2) it is 'likely to suffer irreparable harm in the absence of preliminary relief,' (3) 'the balance of equities tips in [its] favor,' and (4) 'an injunction is in the public interest.' " *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) ("*VidAngel*") (quoting *Winter*, 555 U.S. at 20). Based on the discussion provided below, the Court determines a preliminary injunction is necessary to protect Plaintiffs' rights under federal copyright law.

   a.   **Likelihood of Success of the Merits**

The Ninth Circuit considers the "likelihood of success on the merits" as "the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors." *VidAngel, Inc.*, 869 F.3d at 856 (internal quotation marks omitted). However, even if likelihood of success is not established, "[a] preliminary injunction may also be appropriate if a movant raises 'serious questions going to the merits' and the 'balance of hardships . . . tips sharply towards' it, as long as the second and third *Winter* factors are satisfied." *Id.* (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011)).

Plaintiffs allege Defendant has directly and secondarily infringed two of their exclusive rights under 17 U.S.C. § 106: the right of reproduction and right of public performance. Dkt. 12 at 7–8. "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03129-SVW-GJS | Date | May 11, 2020 |
|---|---|---|---|
| Title | *Columbia Pictures Industries, Inc. et al v. Alejandro Galindo, et al* | | |

violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiffs have provided undisputed certificates of registration from the United States Copyright Office, which presumptively establish the validity of the copyrights in question. Dkt. 1-1, Exh. A. Without contest, the Court accepts these certificates as proof of ownership. 17 U.S.C. § 410(c).

As copyright holders, Plaintiffs have the exclusive right to publicly perform the Copyrighted Works. 17 U.S.C. § 106(4). The internet streaming of full copyrighted works without authorization constitutes a violation of this exclusive right. *See Am. Broad. Companies, Inc. v. Aereo, Inc.*, 573 U.S. 431, 431 (2014). By streaming the Copyrighted Works on Nitro TV without authorization, Defendant likely violates this exclusive right. *See VidAngel, Inc.*, 869 F.3d at 867. Further, digitally reproducing the Copyrighted Works on Nitro TV violates Plaintiffs' reproduction right. 17 U.S.C. § 106(1); *see MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518 (9th Cir. 1993). Accordingly, Plaintiffs are likely to be successful on their copyright claims. Because Plaintiffs have successfully established a likelihood of success on their direct infringement claims, the Court does not reach Plaintiffs' secondary infringement claims.

### b. Likelihood of Irreparable Harm

Although the Court has already concluded Plaintiffs are likely to be successful on their copyright claims, the Court must still analyze the remaining *Winter* factor to determine if a preliminary injunction is appropriate. "Even where a plaintiff has demonstrated a likelihood of success on the merits . . . it 'must also demonstrate that he is likely to suffer irreparable injury in the absence of a preliminary injunction, and that the balance of equities and the public interest tip in his favor.'" *Doe v. Harris*, 772 F.3d 563, 582 (9th Cir. 2014). Plaintiffs have shown they are likely to be irreparably harmed by the continued infringement of their copyrights. Due to the diffuse nature of streaming services, it will be difficult for Plaintiffs to discern the full extent of Defendant's copyright violations. Not only is Defendant directly infringing Plaintiffs' copyrights, creating a financial loss to Plaintiffs, but Plaintiffs have provided evidence that the unlawfully distributed Copyrighted Works may undermine the value of Plaintiffs' legitimate licenses. *Warner Bros. Entm't Inc. v. WTV Sys., Inc.*, 824 F. Supp. 2d 1003, 1012 (C.D. Cal. 2011). This could also lead to unquantifiable customer confusion and an overall diminution of value of the Copyrighted Works. *Id.* (citing *Metro–Goldwyn–Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 929 (2005)).

### c. Balance of the Equities

In issuing a preliminary injunction, "the district court must balance the harms to both sides . . . ."

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03129-SVW-GJS | Date | May 11, 2020 |
|---|---|---|---|
| Title | *Columbia Pictures Industries, Inc. et al v. Alejandro Galindo, et al* | | |

*VidAngel, Inc.*, 869 F.3d at 867.  Plaintiffs have shown substantial harm may flow form the continued infringement of their Copyrighted Works. Defendant has failed to demonstrate he will be harmed by an injunction of Nitro TV. Defendant does not contest that he is infringing Plaintiffs' copyrights, and "harm caused by illegal conduct does not merit significant equitable protection." *VidAngel*, 869 F.3d at 867. The Court therefore finds the Defendant will suffer no injury by this injunction. The balance of the equities tips strongly in Plaintiffs' favor.

    **d.  Public Interest**

"Finally, the court must 'pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *VidAngel, Inc.*, 869 F.3d at 867 (citing *Winter*, 555 U.S. at 24). The public has a significant interest in the lawful enforcement of United States copyright laws. *See id.* at 866–68; *see also Eldred v. Ashcroft*, 537 U.S. 186, 212 n.18 (2002). Conversely, Defendant's alleged copyright infringement does not offer any lawful benefit to the public. Defendant has offered no lawful personal interest for the Court to consider. Thus, the public interest is best served by an injunction of Nitro TV.

    **III.  Conclusion**

    All four *Winter* factors favor the Plaintiffs. Based on the analysis above, the Court concludes Plaintiffs have met their burden in demonstrating a need for a preliminary injunction, and Plaintiffs' motion for preliminary injunction is GRANTED.

    **IV.  Preliminary Injunction**

    Accordingly, Defendant—and all individuals acting in concert or participation or in privity with Defendant in connection with his infringing activities—ARE HEREBY PRELIMINARILY RESTRAINED AND ENJOINED from, directly or secondarily, infringing any of Plaintiffs' Copyrighted Works through any means including publicly performing, reproducing, or otherwise infringing in any manner (including without limitation by materially contributing to or intentionally inducing the infringement of) any right under 17 U.S.C § 106 in any of Plaintiffs' Copyrighted Works.

    IT IS FURTHER ORDERED that Namecheap, Inc. and Domain.com LLC, the respective domain name registrars for the TekkHosting.com and NitroIPTV.com domain names ("Infringing Domain Names"), are enjoined from allowing the Infringing Domain Names to be modified, sold, transferred to another owner, or deleted. Such entities are further ordered to disable access to the Infringing Domain Names. As part of accomplishing this, these entities shall take the following steps:

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03129-SVW-GJS | Date | May 11, 2020 |
|---|---|---|---|
| Title | *Columbia Pictures Industries, Inc. et al v. Alejandro Galindo, et al* | | |

    1. Maintain unchanged the WHOIS or similar contact and identifying information as of the time of receipt of this Order and maintain the Infringing Domain Names with the current registrar;

    2. Immediately make the Infringing Domain Names inaccessible to everyone except Defendant and his counsel, Plaintiffs and their counsel, or any other person the Court may deem necessary;

    3. Do not transfer, or allow any other third-party to transfer, the Infringing Domain Names. Do not make, or allow any other third-party to make, any further modification of any aspect of the domain registration records of the Infringing Domain Names at the registrar or by other means; and

    4. Preserve all evidence that may be used to identify the entities using the Infringing Domain Names.

    IT IS SO ORDERED.

| | : |
|---|---|
| Initials of Preparer | PMC |