JENNER & BLOCK LLP
JULIE A. SHEPARD (SBN 175538)
JShepard@jenner.com
ANDREW G. SULLIVAN (SBN 301122)
AGSullivan@jenner.com
SATI HARUTYUNYAN (SBN 313138)
SHarutyunyan@jenner.com
EFFIONG K. DAMPHA (SBN 323554)
EDampha@jenner.com
633 West 5th Street Suite 3600
Los Angeles, CA 90071-2054
Telephone:   (213) 239-5100
Facsimile:    (213) 239-5199

GIANNI P. SERVODIDIO (*admitted pro hac vice*)
gps@jenner.com
919 Third Avenue
New York, NY 10022-3908
Telephone:  (212) 891-1600
Facsimile:   (212) 891-1699

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC.; AMAZON CONTENT SERVICES, LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; WARNER BROS. ENTERTAINMENT, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL TELEVISION LLC; and UNIVERSAL CONTENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO GALINDO and DOES 1-20,<br><br>Defendants. | Case No. 2:20-cv-03129-SVW-GJSx<br><br>**JOINT REPORT OF THE PARTIES PURSUANT TO FRCP 26**<br><br>Judge: Hon. Stephen V. Wilson<br><br>Trial Date: None Set |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Plaintiffs Columbia Pictures Industries, Inc., Amazon Content Services, LLC, Disney Enterprises, Inc., Paramount Pictures Corporation, Warner Bros. Entertainment, Inc., Universal Studios Productions LLLP, Universal Television LLC, and Universal Content Productions LLC ("Plaintiffs") and defendant Alejandro Galindo ("Defendant") submit this Joint Report and Discovery Plan ("Joint Report") following their Rule 26 conference.

### 1. Neutral Statement of Case

This lawsuit arises out of the infringement of Plaintiffs' copyrights in connection with the Internet streaming service Nitro TV. Plaintiffs allege that Defendant owns and operates Nitro TV in concert and participation with others, Defendant does not have Plaintiffs' authorization to reproduce or publicly perform Plaintiff's copyrighted works, including in connection with Nitro TV, and asserts claims for direct and secondary copyright infringement against Defendant. Plaintiffs seek preliminary and permanent injunctive relief, as well as statutory and other damages.

Defendant asserts that any infringement was innocent.

### 2. Initial Disclosures

Initial disclosures under Rule 26(a)(1) shall be due on June 15, 2020.

### 3. Preservation of Discoverable Information

Counsel have notified their respective clients about their obligations to preserve discoverable information (documentary and electronic), including the need to preserve text messages to mobile phones (MMS and SMS), voicemail messages, and social media posts.

### 4. Discovery Timing and Cutoff

The parties agree they should conduct written, documentary, and deposition fact discovery followed, if necessary, by expert discovery as permitted by the Federal Rules of Civil Procedure. The parties do not believe discovery should be

conducted in any phases other than fact discovery and expert discovery. The parties' proposed schedule, including discovery cutoff dates, is set forth in Exhibit A.

### 5. Discovery Subject Matter

Without waiver or limitation, Plaintiffs will seek discovery bearing on liability, defenses and damages, including on the following subjects: (a) the operation of the Nitro TV Internet streaming service; (b) the alleged direct infringement of Plaintiffs' copyrights; (c) the alleged secondary infringement of Plaintiffs' copyrights; (d) Defendant's affirmative defenses; (e) Defendant's profits; (f) the willfulness of Defendant's infringement; and (g) Plaintiffs' alleged statutory damages.

Without waiver or limitation, Defendant will seek discovery on the following subjects: (a) the same identified by Plaintiffs for purposes of seeking contribution and indemnification; and (b) all prior investigations of this case or of Defendant by Plaintiffs.

### 6. Electronic Discovery

The parties have agreed to produce electronically stored information in .tif format if practical or, in the alternative, in .pdf or other format following a meet and confer between counsel regarding the form of production. The parties reserve the right to request production of electronically stored information in native or other format, if they reasonably believe that there is a specific need that cannot otherwise be met, and to have the information produced in such a manner in a particular instance. The parties further reserve their rights to request production of electronically stored information from any data source where relevant information may be obtained, and to object to production of electronically stored information on any appropriate ground, including, without limitation, those set forth in Fed. R. Civ. P. 26(b)(2)(B).

### 7. Protective Order

A Protective Order governing discovery of confidential information will be submitted to the Court.

### 8. Attorney-Client Privilege and Attorney Work Product

The parties agree on the following procedure:

> If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege and/or work product doctrine/privilege, such production will not be deemed a waiver of those privileges, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged. The receiving party must immediately return the document and all copies. The producing party will then add those documents to its privilege log. The return of the document(s) and/or information to the producing party will not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information.

The parties' proposed protective order will include a claw-back provision and other procedures dealing with the inadvertent production of privileged materials and work product. The parties agree that privilege logs will not be required for (1) communications between parties and their outside counsel that occurred after this lawsuit commenced; and (2) the work product of outside counsel, not disclosed to a third party or entity not subject to a joint defense or common interest privilege.

### 9. Complex Case Designation

The parties agree this case should not be designated as a Complex Case. The case presents no unusual legal issues. The Manual for Complex Litigation should not apply to this case.

### 10. Motions

Plaintiffs have already filed a preliminary injunction motion, which was granted. Motions seeking to enforce, modify and/or expand the preliminary injunction order may need to be filed.

Plaintiffs intend to file a motion for summary adjudication on the issue of liability. The parties' proposed motion cutoff dates are set forth in Exhibit A.

### 11. Alternative Dispute Resolution ("ADR") – LR 16-15.4

The parties believe it is premature to discuss settlement at this juncture. The parties select ADR Procedure No. 2 and shall appear before a neutral selected from the Court's Mediation Panel. . The parties ADR Procedure Selection Form is being filed concurrently herewith.

### 12. Amendment of Pleadings / Additional Parties

Subject to further discovery, Plaintiffs may seek leave to add additional defendants. If it would not prejudice the rights or interests any party, the parties will meet and confer and attempt to amend the pleadings by stipulation. The parties reserve the right to seek further amendments to the complaint prior to the deadline set forth in Exhibit A.

Additionally, Plaintiffs may seek leave to amend the complaint to identify new, copyrighted works that are alleged to have been infringed by Defendant(s) up to the time of trial. The parties' proposed deadline for amendments to the complaint with respect to new copyrights is set forth in Exhibit A.

### 13. Expert Witnesses

The parties' proposed deadlines for expert disclosures and reports are set forth in Exhibit A.

### 14. Jury Trial and Trial Date

**Jury Trial and Length of Trial**

The parties have each requested a jury trial and their current estimate for trial is one week. The parties do not anticipate severance, bifurcation, or other changes in the standard order of proof at trial.

\\
\\
\\

**Trial Date**

The parties request a trial date on or after May 10, 2021. Exhibit A also includes the parties' proposed schedule related to a May 10, 2021 trial date.

Dated: June 4, 2020                         JENNER & BLOCK LLP

By: */s/ Julie Shepard*\*
Julie Shepard

*Attorneys for Plaintiffs*

Dated: June 4, 2020                         THE LAW OFFICES OF STEVEN C. VONDRAN

By: */s/ Steven C. Vondran*
Steven C. Vondran

*Attorneys for Defendant*

\**Pursuant to Local Rule 5(i)(3), the filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

# **EXHIBIT A**

| Event/Deadline | Date (Based on a trial during the week of May 10, 2021) |
|---|---|
| Deadline to move to amend pleadings and add parties and counter parties | September 4, 2020 |
| Fact discovery cutoff/Deadline to have discovery motions heard | December 11, 2020 |
| Deadline to serve opening expert reports on all issues on which the party bears the burden of proof | January 15, 2021 |
| Deadline to serve rebuttal expert reports | February 12, 2021 |
| Deadline to complete expert discovery | March 1, 2021 |
| Deadline for hearing Dispositive Motions | March 1, 2021 |
| Deadline for ADR Procedure | March 15, 2021 |
| Last day to Amend Pleadings to Identify Copyrights At Issue | April 12, 2021 |
| Final Pretrial Conference | Week of April 19, 2021 |
| Trial | Week of May 10, 2021 |