JENNER & BLOCK LLP
JULIE A. SHEPARD (SBN 175538)
JShepard@jenner.com
ANDREW G. SULLIVAN (SBN 301122)
AGSullivan@jenner.com
MADELINE P. SKITZKI (SBN 318233)
mskitzki@jenner.com
KRISTEN GREEN (SBN 328618)
kgreen@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

GIANNI P. SERVODIDIO (admitted *pro hac vice*)
gps@jenner.com
919 Third Avenue
New York, NY 10022-3908
Telephone: +1 212 891 1600
Facsimile: +1 212 891 1699

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC.; AMAZON CONTENT SERVICES, LLC; DISNEY ENTERPRISES, INC.; PARAMOUNT PICTURES CORPORATION; WARNER BROS. ENTERTAINMENT INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL TELEVISION LLC; and UNIVERSAL CONTENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO GALINDO, RICHARD HORSTEN (a/k/a RIK DE GROOT), ANNA GALINDO, MARTHA GALINDO, OSVALDO GALINDO, RAUL ORELLANA, FIRESTREAM LLC, and DOES 8-10,<br><br>Defendants. | Case No. 2:20-cv-03129-MEMF-GJSx<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S RESPONSE TO DISCOVERY SANCTIONS FINDINGS**<br><br>Judge:   Honorable Gail J. Standish<br>Trial Date: None |

Plaintiffs Columbia Pictures Industries, Inc., Amazon Content Services, LLC, Disney Enterprises, Inc., Paramount Pictures Corporation, Warner Bros. Entertainment Inc., Universal City Studios Productions LLLP, Universal Television LLC, and Universal Content Productions LLC (together, "Plaintiffs") request that this Court reject Defendant Alejandro Galindo's ("Defendant") Response (Dkt. 210) to this Court's June 14, 2022 Report and Recommendation (Dkt. 209).[1]

This Court issued a thorough and well-reasoned Report and Recommendations, recommending that the District Court: (1) accept the Report and Recommendation; (2) award Plaintiffs $88,080 in attorneys' fees and costs for motion practice associated with Plaintiffs' Discovery Motion; (3) award Plaintiffs $93,000 for fees and costs associated with litigating the Sanctions Motion; (4) require payment of all monetary sanctions ordered by the District Court pursuant to the Recommendation within 60 days of the District Court's Order; (5) grant terminating sanctions and order judgment entered finding Defendant liable in this action; and (6) hold that judgment entered include an explicit finding that Defendant's copyright infringement was willful (encompassing the Second Amended Complaint's well-pleaded allegations related to statutory damages under copyright law).

Defendant seems to object to this Court's Report and Recommendation on two grounds: (1) Defendant's counsel takes issue with any implication that he did not provide notice to Defendant of the obligation to preserve evidence at the time he was engaged; and (2) Defendant objects to the Court's finding that the Fifth

---

[1] The Notice of Filing of Magistrate Judge's Report and Recommendation ("Notice") instructed the parties to file written objections before this Court. Dkt. 208 ("Any party having Objections to the Report and Recommendation and/or order shall, not later than July 5, 2022, file and serve a written statement of Objections with points and authorities in support thereof before the Honorable Gail J. Standish, U.S. Magistrate Judge."). Although Defendant's filing is styled as a "Response" before "Judge Stephen Wilson" (Dkt. 210), to the extent it could be view as the objections called for in this Court's Notice, Plaintiffs are filing this Response pursuant to the Notice.
.

Amendment does not shield him from his discovery obligations.[2] Neither objection provides any basis to alter this Court's June 14, 2022 Report and Recommendation.

## I. Defendant's Counsel's Assertion Regarding the Timing of His Notification to His Client to Preserve Evidence Confirms Defendant Willfully Destroyed Evidence

The Court found the following in its Report and Recommendation:

> While as a legal matter, Defendant was on notice through personal service and because he was represented by counsel that he was required to retain relevant evidence, he was specifically advised by his counsel, Mr. Vondran, that he had to preserve evidence. Mr. Vondran declared on both September 21, 2020 and June 10, 2021 that Galindo had previously been advised of his duty to preserve and not to spoil evidence in this case. Defendant's counsel was, in the Court's view, intentionally vague in both declaration about when he advised Defendant of his duty to preserve evidence.

Dkt. 209 ¶ 4.

Defendant's counsel apparently takes issue with the contention that he was "intentionally vague," as he asserts that "Defendant was clearly put on notice of the need to preserve evidence early on in this case and was never informed or advised to destroy any evidence." Dkt. 210 at 1–2. He then goes on to specify that he put Defendant on notice of his obligations to preserve evidence in April 2020 shortly after the commencement of this case. *Id.* Defendant's counsel's position only confirms that the Court was correct to find that Defendant had notice of the obligation to preserve evidence at the time he destroyed evidence and that Court was therefore justified in sanctioning Defendant for his destruction of evidence. *See* Dkt. 209 ¶¶ 4–18, at pp. 22–25.

---

[2] Although Defendant's Response takes issue with the Court's findings regarding the non-application of the Fifth Amendment, Defense counsel nonetheless claims that the Response does not contain any "objection to any of the recommendations regarding sanctions or terminating sanctions," and instead contains only a "statement seeking to set the record straight about any alleged unlawful activity by Defense counsel." Dkt. 215 at 4.

## II. This Court Was Correct to Find That the Fifth Amendment Does Not Shield Defendant from His Discovery Obligations

Defendant objects to the Court's findings regarding the application of the Fifth Amendment on the grounds that (1) "Defendant is not a corporation, he is a person"; and (2) "[t]his case does involve more than a hypothetical risk of self-incrimination." Dkt. 210 at 2–3. The Report and Recommendation properly accounts for and rejects such arguments.

First, the Report and Recommendation reflects that this Court did not base any of its reasoning on a mistaken belief that Defendant is a corporation, not a person. As such, Defendant's first objection should be dismissed outright.

Second, the Court thoroughly considered and appropriately rejected Defendant's repeated contentions that he faced more than a hypothetical risk of self-incrimination. As the Court correctly noted, "Plaintiffs informed Defendant that they did not make a criminal referral," there is no "evidence that a criminal investigation or case is pending," and Defendant has not "asserted that he is aware of any such investigation." Dkt. 209 ¶ 35. Relatedly, the Court corrected concluded that "Defendant cannot create a real threat of incrimination by demanding that Plaintiffs agree not to make a criminal referral and then claiming that Plaintiffs' refusal to do so provides a basis to invoke the Fifth Amendment." *Id.* at p. 20. Further, the Court rejected Defendant's attempt to rely on what Defendant's counsel referred to as Plaintiffs' counsel's "blog" containing a survey of copyright laws across multiple jurisdictions, as "Plaintiffs' counsel informed Defendant's counsel that the publication has nothing to do with this case," and "Defendant failed to assert the Fifth Amendment in discovery responses that were served *after*" Defendant's counsel allegedly discovered the "blog." *Id.* ¶¶ 36–37. Finally, the Court rejected Defendant's reliance on Jan van Voorn's involvement in the case as his basis for asserting the Fifth Amendment because "Defendant had been personally served with a declaration from Mr. van Voorn long before he made his objection." *Id.* ¶ 38.

Indeed, as the Court noted, Mr. van Voorn's declaration was served and filed with Plaintiffs' original complaint. *Id*.

As is apparent, Defendant reiterates the same arguments this Court already considered and rejected, and Defendant fails to explain how the Report and Recommendation was wrong in any of its conclusions regarding the application of the Fifth Amendment. Moreover, Defendant does not take issue with the Court's legal analysis with respect to the non-application of the Fifth Amendment in these circumstances. The Court correctly reasoned:

> In this case, Defendant has not supported his broad assertion of the Fifth Amendment, as he has not shown that he is faced with "substantial hazards of self- incrimination," *California v. Byers*, 402 U.S. 424, 429 (1971), that are "'real and appreciable,' and not merely 'imaginary and unsubstantial,'" *Marchetti v. United States*, 390 U.S. 39, 48 (1968) (citing *Rogers v. United States*, 340 U.S. 367, 374 (1951)). Plaintiffs' document requests, interrogatories, and deposition questions posed to Defendant have all arisen in civil litigation, and Defendant has presented no evidence that there is any criminal investigation, let alone criminal action, pending.

Dkt. 209 at pp. 19–20. And the Court bolstered its finding that the Fifth Amendment does not apply here by correctly concluding that "Defendant did not timely assert the Fifth Amendment as an objection to the discovery Plaintiffs served." *Id.* at p. 20.

In sum, the Court should reject Defendant's objection to the Court's finding that the Fifth Amendment does not shield him from his discovery obligations. All the evidence supports the Court's finding that "Defendant only belatedly raised a Fifth Amendment objection as a tactical maneuver to further hamper Plaintiffs' attempts to obtain key information through the discovery process." *Id.* at p. 21.

### III.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request that that this Court reject Defendant Alejandro Galindo's objections to this Court's June 14, 2022

//

1 | Report and Recommendation and reaffirm its adoption of the Report and
2 | Recommendation.

Dated: June 30, 2022

By: _____
Julie A. Shepard
*Attorneys for Plaintiffs*