UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALEJANDRO GALINDO, et al.,<br><br>　　　　Defendants. | Case No.: 2:20-cv-03129-MEMF (GJSx)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the files, records, and parties' filings in this case, including the underlying motions brought by Plaintiffs Columbia Pictures Industries, Inc., Amazon Content Services, LLC, Disney Enterprises, Inc., Paramount Pictures Corporation, Warner Bros. Entertainment Inc., Universal City Studios Productions LLLP, Universal Television LLC, and Universal Content Productions LLC (collectively, "Plaintiffs") (ECF Nos. 57, 82, 164, 177, and 177-1), the Report and Recommendation of United States Magistrate Judge (ECF No. 209, "Report"), Defendant Alejandro Galindo's ("Galindo") Response to the Report (ECF No. 210, "Galindo's Response"), and Plaintiffs' Response to Galindo's Response (ECF No. 219, "Pls.' Response"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the matters to which objections have been stated.

　　　　Galindo's assertions and arguments have been reviewed carefully. The Court, however, concludes that nothing set forth in Galindo's Response or otherwise in the record for this case

affects or alters, or calls into question, the findings and analysis set forth in the Report. Having completed its review, the Court accepts the findings and recommendations set forth in the Report.

An entry of default, however, does not automatically entitle a plaintiff to its requested damages. *See* FED. R. CIV. P. 55 (b)(2). Instead, the Court has "considerable leeway as to what it may require as a prerequisite to the entry of a default judgment" and may require that a plaintiff submit of evidence in support of a damage amount. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). In this case, the Court finds that Plaintiffs have neither provided a complete enumeration of the copyrighted works at issue, a full accounting of the corresponding amount of statutory damages sought pursuant to 17 U.S.C. § 504(c)(2), nor evidence to support either of the above. In the absence of these items, the Court declines to enter Judgment at this time.

Accordingly, **IT IS ORDERED** that:

1. The Court accepts the Report;
2. Plaintiffs are awarded fees and costs in the amount of $88,080 in attorneys' fees and costs for motion practice associated with their discovery motion (ECF Nos. 57, 82);
3. Plaintiffs are awarded $93,000 for its fees and costs associated with litigating their sanctions motion (ECF Nos. 164, 177, 177-1);
4. Galindo shall pay the foregoing ordered monetary sanctions to Plaintiffs within sixty (60) days of this Order;
5. Plaintiffs' Motion for Terminating Sanctions (ECF No. 164) is GRANTED;
6. Within sixty (60) days of this Order, Plaintiffs shall file a supplemental brief identifying:
    i. The works for which they are seeking statutory damages, supported by a sworn declaration and competent evidence, *see* FED. R. EVID. 1006;
    ii. The factors the Court should consider when calculating statutory damages, supported by case law; and

|  |  |  |
|---|---|---|
| | iii. | The amount of statutory damages they are seeking, supported by a sworn declaration and competent evidence, *see* FED. R. EVID. 1006. |

7. The schedule for the supplemental briefing is as follows:

    i.    Plaintiffs' Brief: October 3, 2022

    ii.    Opposition to be filed by Galindo: October 24, 2022

    iii.    Reply: October 31, 2022

    iv.    Hearing: November 7, 2022

**IT IS SO ORDERED.**

Dated: August 15, 2022

                                                  MAAME EWUSI-MENSAH FRIMPONG
                                                      United States District Judge